STATE OF NORTH DAKOTA, Respondent, v. GEORGE WILLIAMS, Appellant.

### (189 N. W. 625)

**Bail — error to deny motion to undo forfeiture of bail of one civilly dead.**

In Cass County defendant was accused of carrying concealed weapons and bound over to the District Court. His wife borrowed and deposited in Court $1,400 as bail for his appearance at the November Term of Court. But when his case was called he was in the state's prison at Stillwater and his appearance was impossible. He was civilly dead. Hence the court erred in denying a motion to undo the forfeiture of his bail. Order reversed.

Opinion July 12, 1922.

Appeal from an order of the District court of Cass county; *Cooley*, J. Order reversed.

*William Lemke,* for appellant.

The relief asked for rests largely in the discretion of the court, and upon the Statute Law, § 11125, Compiled Laws of North Dakota, reads: "If, without sufficient excuse, any person who has given an undertaking in any criminal action, etc." The phrase, "without sufficient excuse" means but one thing, and that is, that there are cases in which the court will excuse failure to appear, and under similar statutes, the courts have almost universally held that it is sufficient excuse if it appears that it was impossible for the person under arrest to appear, and it has been held that then relief may be obtained at any time before final judgment. Ar-

quette v. Board of Supervisors, 39 N. W. 264; Harbin v. State, et al., 43 N. W. 210; Rawlings v. State, 57 N. W. 286; State v. Bongard, 94 N. W. 1093; James Argis et al. v. W. V. Bagley et al., cited in 23 L. R. A. (N. S.) 136; Com. v. Fleming, Ky. L. Rep. 491.

*Wm. C. Green, C. C. Wattam,* for respondent.

In Ann. Cas. 1912C at p. 748 it is said:

"The rule is well settled that arrest in another jurisdiction for a second and different offense will not operate to discharge the sureties on the first bond for the reason that the surety has the legal power to prevent his principal's departure from the state." And in support of such statement we cite the following: Taylor v. Taintor, 16 Wall. 266, 21 U. S. (L. ed.) 287; affirming 36 Conn. 242; U. S. v. Marrin, 170 Fed. 476; U. S. V. Van Fossen, 1 Dill 406, 28 Fed. Cas. No. 16, 607; Cain v. State, 55 Ala. 170; Witherow v. Com. 1 Bush. (Ky.) 17; Yarborough v. Com. 89 Ky. L. Rep. 151, 12 S. W. 143; Hall v. Com. 20 Ky. L. Rep. 99, 45 S. W. 458; State v. Horn, 70 Mo. 466; King v. State 18 Neb. 375, 25 N. W. 519; Devine v. State, 5 Sneed, (Tenn.) 623; U. S. v. French, 1 Gall, 1; Grant v. Faagen, 4 East. 189; Respublica v. Gaoler, 2 Yeates, 265.

ROBINSON, J. In Cass county defendant was accused of carrying concealed weapons and bound over to the district court. His wife borrowed and deposited $1,400 as bail for his appearance at the November term of the district court. When his case was called he was civilly dead. It was as impossible for him to appear as if he were actually dead. He was at Stillwater in the state's prison under a sentence for life on a charge and conviction of bank robbery. When his case was called in the district court of Cass county, his counsel who had received some good pay, failed to appear for him and plead the fact that he was legally dead and in the penitentiary at Stillwater, Minn., and that his appearance had become an impossibility. Hence the court declared the forfeiture of his bail money. In 1922 the defendant and his wife on proper affidavits made a motion to vacate the forfeiture. On May 8th the motion was denied. The case is before this court on an appeal, and on a stipulation that it be submitted on the record and on briefs filed by counsel.

The wife makes affidavit showing that on her property she borrowed the bail money. She sent $1,500 to Mr. Barnett, who appeared as coun-

sel for the defendant.   By Laws 1915, chap. 83, the carrying of conceal-
ed weapons is made a felony punishable by imprisonment in the peniten-
tiary not more than two years, or in the county jail not more than one
year, or by a fine of not more than $100, or by both such fine and im-
prisonment.   The minimum penalty is a fine of $100, and it is seldom
that a greater penalty is imposed for the mere carrying of concealed wea-
pons without any attempt to use them.   The bail exacted in this case is
grossly excessive, and it is suggested that the real purpose of fixing the
bail at such a figure was to hold the defendant awaiting extradition pa-
pers.   For the purpose of the motion we may well assume that defendant
was guilty of carrying concealed weapons, a .32 revolver, and that he was
guilty of the charges preferred against him in Minnesota, and that he was
justly sentenced and imprisoned for life.

It appears that on the motion to undo the forfeiture counsel for the
state insists that defendant should have remained in this state, and that
his arrest in Minnesota does not excuse the default.   But that is rather
technical.   If he had not gone to Minnesota, we may well assume that he
would have been forcibly taken there.   We may assume that he has got-
en his just deserts, and that this state is just as well rid of him as if he
had killed himself, and in that way made it impossible for him to appear
in the district court of Cass county.   The $1,400 was put up to secure
the appearance of defendant, and by his fault or misfortune his appear-
ance became impossible.   If we allow everything that has been charged
against defendant, it is no reason for robbing him, or his wife, who put
up the bail money.   There is no honesty in retaining the money.   While
demanding honesty of all men, it behooves the state to set an example of
honesty.   It is not for the state to adopt the principle that he may take
who has the power, and he may keep who can.   The showing is that de-
fendant's wife borrowed the money by mortgaging her property.   De-
fendant and his wife join in the petition that the forfeiture be vacated
and the money refunded to the wife, after deducting all the actual court
expenses.

The motion is fair and reasonable.   Order denying the motion is
reversed.

BRONSON, J. (specially concurring).   In Minnesota the defendant was
arrested, convicted, and sentenced to the state penitentiary for life for
bank robbery.   In North Dakota, previously, he had been arrested

charged with carrying concealed weapons. His wife deposited $1,400 cash bail for his appearance in the district court of Cass county to answer such charge. When the time for his appearance occurred, he then was incarcerated in the Minnesota penitentiary. The trial court forfeited his bail. The defendant and his wife moved to vacate such forfeiture, and to remit the cash bail. The grounds asserted therefor are: That the defendant was and is incarcerated as above stated; that his wife borrowed the money and made the cash deposit; that she is without funds, and has been ill for a long period of time; that when the bail was deposited neither she nor the defendant knew that charges were pending against him in Minnesota.

The carrying of concealed weapons is made, by statute, a felony. Chap. 83, Laws of 1915. By statute bail might have been furnished by an undertaking. Section 11122, C. L. 1913. In lieu thereof a cash deposit may be made. Section 11119, C. L. 1913. The statute further provides that if, without sufficient excuse, any person, who has given an undertaking in a criminal action, neglects to appear, the court may declare forfeited the money deposited, but, at any time before final adjournment, when such person or his bailor appears and satisfactorily excuses the neglect, the court may direct the forfeiture to be discharged upon such terms as may be just. Section 11125, C. L. 1913. I am of the opinion that the record clearly discloses a satisfactory excuse for the neglect or failure of the defendant to appear, and that the ends of justice demand that the bail, as given, be remitted to the wife, less expenses incurred by the state. This court stated in State v. Funke, 20 N. D. 145, 150, 127 N. W. 722, 30 L. R. A. (N. S.) 211, Ann. Cas. 1912C, 743, that the rule is and should be that uncontrollable circumstances preventing appearance, pursuant to stipulations in the bail bond, should be sufficient to excuse a forfeiture. The record does not disclose that through connivance or conspiracy the wife deposited this cash bail, in order that the defendant might abscond or leave the state. So far as the record discloses, she is innocent of any intentional wrongdoing, and tried, in a spirit of loyalty, to assist her husband, who was in trouble.

Under the general theory of bail, the defendant, upon his release through cash bail, was in the custody of his bailor, his wife. She might surrender his person, or cause him to be arrested and his bail withdrawn, at any time. See 6 C. J. 891; § 11124, C. L. 1913; note 23 L. R. A. (N. S.) 137; Ann. Cas. 1912C, 746. She might even pursue him into an-

other state and there arrest him. See North Carolina v. Lingerfelt, 109 N. C. 775, 14 S. E. 75, 14 L. R. A. 605, and note; Taylor v. Taintor, 83 U. S. (16 Wall.) 371, 21 L. ed. 290. After the arrest and incarceration of her husband in Minnesota, the wife, as bailor, could secure, neither in Minnesota nor in North Dakota, the person of her husband for delivery in response to the bail requirements. The mighty arm of a sister sovereign state had arrested her power to produce or to compel the delivery of the person bailed. The arrest and conviction had in Minnesota did not in any manner result through the act of the defendant, while in the theoretical custody of his wife as bailor. Upon principles of comity and through extradition, the state of North Dakota might have surrendered the person of the defendant to the state of Minnesota. The more serious offense had occurred in Minnesota. The record fails to disclose any neglect or fault on the part of the bailor. The punishment that might have been imposed upon the defendant in North Dakota is now being carried into execution by a greater punishment imposed upon the defendant by a sister state. Presumably the defendant is incarcerated in the penitentiary for his lifetime. He is civilly dead. The failure of the bailor, therefore, to deliver the person of the defendant, pursuant to the requirements of the bail, are sufficiently excused.

Under the circumstances, it would be unjust to enforce a forfeiture of the bailor's money. In effect, the enforcement of a forfeiture, under the circumstances, would operate to punish the bailor in money loss much more severely than the penalty by fine imposed for the crime. Chap. 83, Laws of 1915. Accordingly, the cash deposit should be remitted to the wife, less expenses incurred by the state.

GRACE, J., concurs.

BIRDZELL, C. J. and CHRISTIANSON, J., dissent.